HARMON J. BLISS, Assignee, Appellant, v. THE
LACLEDE POWER COMPANY, Respondent.

**St. Louis Court of Appeals, January 4, 1898.**

1. **Sale:** ANNULMENT: SUIT FOR RECOVERY OF PURCHASE MONEY: IN-
STRUCTION.    In a suit for recovery of purchase money for an electric
motor, purchased by plaintiff's assignor from defendant, and recov-
ered by defendant in replevin before a justice, admissions in the
petition that defendant on the trial before the justice claimed that the
motor had been "wrongfully and by misrepresentations obtained
from it" by plaintiff's assignor, and that the justice found this in
favor of defendant, conclude plaintiff as to the issue determined
by the justice, and an instruction to find that a different issue was
determined before the justice, was rightfully refused.

2. **Pleading:** EVIDENCE: JUDGMENT.    In such action, where the de-
fense was that the purchase and sale was between defendant and
plaintiff's assignor individually, which the evidence tended to support,
and the admissions in the petition showed that on the trial of the
replevin suit defendant predicated its right to recover upon the mis-
representations of plaintiff's assignor alone, the court did not err in
rendering judgment for defendant.

*Appeal. from the St. Louis City Circuit Court.*—HON.
JOHN A. TALTY, Judge.
AFFIRMED.

*Harmon J. Bliss* and *J. R. Meyers* for appellant.

When a contract for the sale of goods is annulled,
and the vendor receives back the goods and damages
thereto, the vendee is entitled to the purchase money
paid on account thereof. 1 Am. and Eng. Ency. Law,
887; *Cahn v. Reed*, 18 Mo. App. 115.

*Campbell & Ryan* for respondent.

BOND, J.—The petition in this case alleges that
the plaintiff is the assignee, for the benefit of creditors,

of a firm composed of C. J. Pickler and Charles Williamson; that plaintiff's assignors purchased of defendant, one eighteen horse power electric motor with appurtenances, on account of which defendant received $430; that upon the seventeenth day of May, 1894, the defendant replevined said motor from plaintiff, who held it as assignee as aforesaid; "that thereafter, to wit, on the 11th day of June, 1894, on the trial of said cause before said justice (Patrick Kane), said defendant, the Laclede Power Company, claimed that said one eighteen horse power motor with appurtenances had been wrongfully and by misrepresentations obtained from it by said Pickler, and the court on said day after hearing all the evidence, rendered judgment in favor of the defendant, the Laclede Power Company, giving it the possession of the said one eighteen horse power electric motor with appurtenances, and assessing its damages in the sum of one cent." The petition further states the judgment of said justice was executed by the delivery of the property in dispute and payment of costs in accordance with said judgment; that it was not appealed from and has become a final judgment from which no appeal can be taken. It then prays for judgment against defendant for the sum of $430. The answer was a general denial. The cause was submitted to the court, sitting as a jury, and a judgment rendered for defendant, from which plaintiff appealed.

The errors assigned are that the court erred in refusing an instruction requested by plaintiff, and that there was no evidence to support the verdict. The court did not err in refusing the instruction in question. An inspection of the record shows that the instruction under review, among other things, required the court to find from the evidence in this case that the justice of the peace, who decided the replevin suit

SALE: annulment: suit for recovery of purchase money: instruction.

between the parties, found that the said Cassius J. Pickler and Charles Williamson, composing the firm of Pickler & Williamson, had obtained said motor wrongfully and by misrepresentation, "and upon such finding annulled the contract and sale of said motor." By the express statements of the petition in the case at bar the plaintiff alleges that the defendant herein on the trial of the replevin suit before the justice of the peace "claimed that said one eighteen horse power electric motor with appurtenances had been wrongfully and by misrepresentations obtained from it by said Pickler," and that said justice of the peace found this claim in favor of the defendant. These admissions contained in the petition, *supra*, herein conclude the plaintiff as to the issue determined by the justice of the peace, and hence the court rightfully refused an instruction requiring it to find that a different issue was determined on the trial before the justice, than the one admitted to have been determined in that tribunal in the petition in this case. The first point is therefore ruled against appellant. Neither will the evidence in the case support the second assignment. The record shows that the contract for the purchase of the machine was signed by C. J. Pickler. It shows that the receipts given for the money received on account of said purchase were executed to him individually; that the first check was his individual check, and that though the second check was signed Pickler & Williamson, per C. J. Pickler, yet it was not received with any understanding that the defendant was dealing otherwise than with C. J. Pickler, personally. The defense in this case was that the transaction of purchase and sale was between the defendant and Pickler individually, and not with a firm composed of Pickler and Williamson. The foregoing evidence tends to

PLEADING: evidence: judgment.

support this defense. The admissions in plaintiff's petition show that on the trial of the replevin suit defendant herein predicated its right to recover upon the misrepresentations of Pickler alone. Under these circumstances the court did not err in rendering a judgment in favor of defendant. It will therefore be affirmed. All concur.